Marc G. Wilhelm
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, AK 99501
(907) 276-5727
mwilhelm@richmondquinn.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

BRITTANY BLAKE, D.C.; MORGAN )
LOFTUS (f/k/a MORGAN MARSH); )
RAQUEL OSTERBAUER; PATRICIA )
ASMAN; TAMARA RYAN; CYNTHIA )
TARANTO; and KERI WILLIAMS, )
                                )
            Plaintiffs, )
                                )
v. )
                                )
NCMIC INSURANCE COMPANY and )
NCMIC INSURANCE SERVICES, INC., )
                                )
            Defendants. ) Case No. 3:17-cv-_____
                                )

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 & 1441**

TO THE CLERK OF THE COURT, ALL PARTIES HERETO, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that the above-captioned matter, which was commenced as *Brittany Blake, D.C., Morgan Loftus (f/k/a Morgan Marsh), Raquel Osterbauer, Patricia Asman, Tamara Ryan, Cynthia Taranto, and Keri Williams v. NCMIC Insurance Company and NCMIC Insurance Services, Inc.*, Case No. 3AN-17-00847CI, in the Superior Court for the State of Alaska at Anchorage, is hereby removed pursuant to 28

U.S.C. §§ 1332 and 1441 to the United States District Court, District of Alaska. In support of its Notice of Removal, Defendants NCMIC Insurance Company and NCMIC Insurance Services, Inc. (collectively "NCMIC" or "Defendants"), through its undersigned counsel, hereby state as follows:

## STATEMENT OF THE CASE

1. This insurance coverage action was commenced against Defendants by Complaint dated August 3, 2017 by Plaintiffs BRITTANY BLAKE ("Blake"), MORGAN LOFTUS (f/k/a MORGAN MARSH) ("Loftus"), RAQUEL OSTERBAUER ("Osterbauer"), PATRICIA ASMAN ("Asman"), TAMARA RYAN ("Ryan"), CYNTHIA TARANTO ("Taranto"), and KERI WILLIAMS ("Williams") (collectively "Plaintiffs") in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, Case No. 3AN-17-08347 CI (the "Complaint"). The Summons and Complaint is attached hereto as **Exhibit A**. Copies of the Certificates of Service by the State of Alaska, Division of Insurance are annexed hereto as **Exhibit B.**

2. This matter concerns coverage under NCMIC Professional Liability Policy No. MP00034696 (the "Policy"), issued by Defendants to Myron G. Schweigert D.C. ("Schweigert") and Chugach Chiro Clinic LLC (the "Clinic") (collectively the "Named Insureds") for the Policy Period of January 1, 2014 to January 1, 2015. Subject to all terms, conditions, limitations and exclusions set forth therein, the Policy affords a $3,000,000 aggregate limit of liability, with a $1,000,000 limit of liability Per Medical Incident. The Policy is attached hereto as **Exhibit C.**

3. On or about December 31, 2015, Plaintiffs commenced an action against the Named Insureds in the Superior Court of the State of Alaska, Third Judicial District at Anchorage, Case No. 3AN-15-11597 (the "Underlying Action"). The complaint alleged that Schweigert touched each Plaintiff in an inappropriate sexual manner and otherwise made improper sexual comments during the course of their treatment which caused the Plaintiffs to suffer "severe humiliation, mental anguish, and emotional and physical distress." The operative Complaint in the Underlying Action is attached hereto as **Exhibit D.**

4. On or about May 11, 2017, the Named Insureds executed an agreement consenting to judgment in favor of the Plaintiffs in the Underlying Action (the "Agreement"). The Agreement includes an assignment of claims, assigning "any and all claims Dr. Schweigert may possess against NCMIC Insurance Company and/or its agents." The Agreement and its attachments are annexed hereto as **Exhibit E.**

5. On or about July 3, 2017, the court in the Underlying Action entered judgment in the amount of $1,886,500. A copy of the court record is annexed hereto as **Exhibit F.**

6. The Complaint against Defendants alleges that Defendants were required to defend and indemnify Plaintiffs, as assignees, under the Policy for the Underlying Action and breached the covenant of good faith and fair dealing.

## JURISDICTION AND VENUE

7. As noted, this action was commenced as *Brittany Blake, D.C., et al. v. NCMIC Insurance Company, et al.*, Case No. 3AN-17-08347 CI, in the Superior Court for the State of Alaska, Third Judicial District at Anchorage. Accordingly, pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal.

8. This Court has jurisdiction to hear cases in diversity under 28 U.S.C. §1332(a), which provides that district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." As set forth below, the requirements of diversity of citizenship and the amount in controversy have both been met in this action.

### Diversity of Citizenship

9. "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Allapattah Svcs. Inc.*, 545 U.S. 546, 553, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005)); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996) (complete diversity "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Diversity of citizenship is assessed at the time the action is filed. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S. Ct. 858, 112 L. Ed. 2d 951 (1991).

10. A natural person is deemed to be a citizen of the state where he is domiciled. *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915)). "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Id.* (citing 28 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.")).

11. Upon information and belief, Blake, Osterbauer, Asman, Ryan, Taranto, and Williams are residents of and are domiciled in the State of Alaska. *See* Ex. A, ¶¶ 1, 3-7. Upon information and belief, Loftus is currently domiciled in Victoria, British Columbia, and was a resident of the State of Alaska at all times relevant to the facts alleged in the Complaint. *See id.,* ¶ 2. Accordingly, each and every Plaintiff is a citizen of the State of Alaska or British Columbia for purposes of this Notice for Removal.

12. Defendants are corporations organized and existing under the laws of the State of Iowa with their principal places of business in Clive, Iowa. Thus, Defendants are not organized under the laws of the State of Alaska or British Columbia and do not have their principal places of business in the State of Alaska or British Columbia. Accordingly, there is complete diversity of the parties pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. §1441(a).

### Amount in Controversy

13. In determining the amount in controversy for removal, "the district court may consider whether it is facially apparent from the complaint that the jurisdictional

amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. Cal. Apr. 4, 2006) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335-1336 (5th Cir. 1995)). If the amount is not facially apparent, "the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.*

14. A case may be dismissed for failure to meet the amount in controversy requirement only if it appears to a "legal certainty" that the claim is for less than the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938). If the complaint filed in state court alleges damages in excess of the required federal amount-in-controversy requirement, then the amount-in-controversy requirement is presumptively satisfied unless "it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional amount." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1049 (C.D. Cal. Jan. 11, 2012) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). In evaluating the amount in controversy requirement, a court must examine the facts as they exist when the complaint is filed. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (U.S. 1989).

15. The Policy affords a $3,000,000 aggregate limit of insurance, with a $1,000,000 limit of liability Per Medical Incident. Ex. C. In addition, the judgment entered in the Underlying Action was for $1,886,500. Ex. F. Finally, Plaintiffs'

Complaint seeks damages in excess of $1,950,000. Ex. A, ¶¶ 36, 40, 44. Accordingly, the $75,000 amount in controversy requirement is plainly met. *See, e.g., Liberty Mut. Fire Ins. Co. v. Yoder*, 112 Fed. Appx. 826, 828 (3d Cir. 2004) (finding that the amount in controversy requirement was satisfied because "the $ 2 million liability limits of the insurance policy were ... at issue").

## TIMELINESS

16. The State of Alaska, Division of Insurance received a copy of the Summons and Complaint directed to NCMIC Insurance Company on August 14, 2015. NCMIC Insurance Company received a copy of the Summons and Complaint on August 25, 2016. The State of Alaska, Division of Insurance received a copy of the Summons and Complaint directed to NCMIC Insurance Services, Inc. on August 15, 2015. NCMIC Insurance Services, Inc. received a copy of the Summons and Complaint on August 23, 2016. No proceedings have occurred in the state court action, and the Defendants have not yet appeared in that action. Accordingly, pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely because it has been filed within thirty (30) days of receipt of information that the case would be subject to removal.

## STATE COURT PLEADINGS

17. The following constitute all of the process, pleadings, and orders filed in *Brittany Blake, D.C., et al. v. NCMIC Insurance Company, et al.*, Case No. 3AN-17-08347 CI, in the Superior Court for the State of Alaska, Third Judicial District at

NOTICE OF REMOVAL
*Blake, et al. v. NCMIC Insurance, et al.*, Case No. 3:17-CV-_____
Page 7 of 9

Case 3:17-cv-00193-JMK   Document 1   Filed 09/06/17   Page 7 of 9

Anchorage, true and correct copies of which are attached hereto and incorporated herein as part of this Notice of Removal:

Exhibit A: Summons and Complaint dated August 3, 2017;

* * *

Based on the foregoing, Defendants hereby remove this action to the United States District Court, District of Alaska.

DATED this 6 day of September 2017, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Defendants

By: _____
Marc G. Wilhelm
Alaska Bar No. 8406054
360 K Street, Suite 200
Anchorage, AK 99501
Ph: 907-276-5727
Fx: 907-276-2953
mwilhelm@richmondquinn.com

Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail this ____ day of September 2017 on:

Margaret Simonian
Molly Brown
DILLON & FINDLEY
1049 W. 5th Avenue, Suite 200
Anchorage, AK 99501

_____
RICHMOND & QUINN