IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRITTANY BLAKE, D.C.; MORGAN LOFTUS (f/k/a MORGAN MARSH); RAQUEL OSTERBAUER; PATRICIA ASMAN; TAMARA RYAN; CYNTHIA TARANTO; and KERI WILLIAMS,<br><br>               Plaintiffs,<br><br>   vs.<br><br>NCMIC INSURANCE COMPANY; and NCMIC INSURANCE SERVICES, INC.,<br><br>               Defendants. | Case No. 3:17-cv-00193-JMK<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES** |

Pending before the Court at Docket 107 is non-party Dr. Myron Schweigert's Motion for Attorney's Fees (the "Motion"). Defendant NCMIC Insurance Company ("NCMIC") filed an opposition at Docket 108. Plaintiffs responded to NCMIC's opposition at Docket 112. Dr. Schweigert filed a reply in support of the Motion at Docket 115. For the following reasons, the Motion is DENIED.

## I. BACKGROUND

Plaintiffs are seven female former patients of Dr. Schweigert.[1] Plaintiffs previously sued Dr. Schweigert in Alaska Superior Court, Case No. AN-15-11597CI, bringing claims for professional malpractice, sexual harassment, breach of the covenant of good faith and fair dealing, and wrongful discharge (the "Underlying Action").[2] Dr. Schweigert sought coverage for the Underlying Action under NCMIC Professional Liability Policy No. MP00034696 (the "Policy").[3] NCMIC took the position that the claims in the Underlying Action constituted sexual impropriety and therefore the Underlying Action falls outside the Policy's scope of coverage and falls within a specific exclusion under the Policy.[4] NCMIC agreed to pay for Dr. Schweigert's defense under the Policy's Supplemental Legal Defense Endorsement, which affords coverage for up to $25,000 in defense costs in certain covered proceedings.[5] In May 2017, Dr. Schweigert and Plaintiffs entered into a settlement agreement to resolve the Underlying Action.[6] The settlement agreement provided that Dr. Schweigert's claims under the Policy were assigned to Plaintiffs and that, "Dr. Schweigert, at his own expense, will cooperate and testify as a witness in any future lawsuit involving the Plaintiffs and NCMIC Insurance Company and/or its agents."[7] Plaintiffs, acting as assignees under the Policy, then filed the instant

---

[1] Docket 1-1 at 9.
[2] Docket 1-4 at 13–25.
[3] Docket 1-1 at 10.
[4] Docket 109-4 at 3–5.
[5] *Id.* at 1, 4.
[6] Docket 1-5 at 3.
[7] *Id.* at 2–3.

*Blake et al v. NCMIC Insurance Company et al*      Case No. 3:17-cv-00193-JMK
Order Denying Motion for Attorney's Fees      Page 2
Case 3:17-cv-00193-JMK    Document 137    Filed 02/17/23    Page 2 of 14

action, alleging that, through its coverage position in the Underlying Action, NCMIC breached its duty to defend and duty to indemnify.[8]

In February 2021, NCMIC issued a subpoena to Dr. Schweigert, requesting that he appear for a deposition and that he produce certain documents related to the Underlying Action.[9] Dr. Schweigert objected to the document requests, arguing that the documents at issue already had been produced to NCMIC by Plaintiffs in the instant action.[10] Dr. Schweigert's counsel wrote that "[i]f NCMIC want[s] to receive a duplicate copy of documents which apparently have already been produced in this matter from Dr. Schweigert, you will be required to pay for any attorney's fees and costs associated with this production."[11] In response to those objections, NCMIC provided the documents previously produced by Plaintiffs to Dr. Schweigert for his review, clarifying that NCMIC would not require Dr. Schweigert to produce documents previously produced by Plaintiffs in this action if Dr. Schweigert would stipulate to the authenticity and completeness of Plaintiffs' documents.[12] Dr. Schweigert's counsel responded, indicating that he would stipulate to the completeness of the previous production by Plaintiffs, but there may be certain responsive documents that were not previously produced.[13] Dr. Schweigert's counsel also indicated that Dr. Schweigert would expect NCMIC "to pay the cost of review of the subpoena and production of documents."[14] NCMIC responded that it was difficult

---

[8] Docket 1-1 at 15–18. Plaintiffs' bad faith claim was dismissed at Docket 29.
[9] Docket 107-3.
[10] Docket 107-4 at 2.
[11] *Id.* at 3.
[12] Docket 107-5; Docket 107-6.
[13] Docket 107-7 at 1.
[14] *Id.*

*Blake et al v. NCMIC Insurance Company et al*     Case No. 3:17-cv-00193-JMK
Order Denying Motion for Attorney's Fees     Page 3

Case 3:17-cv-00193-JMK    Document 137    Filed 02/17/23    Page 3 of 14

to tell the source of the documents produced by Plaintiffs and to confirm that everything produced by Dr. Schweigert in the Underlying Action was, in fact, produced to NCMIC in the instant ligation.[15] NCMIC requested that Dr. Schweigert reproduce everything to NCMIC that was produced by Dr. Schweigert in the Underlying Action and provide a privilege log.[16] The parties then agreed to schedule Dr. Schweigert's deposition for April 27, 2021, and Dr. Schweigert produced the documents requested in the subpoena prior to that date.[17]

On January 20, 2022, Dr. Schweigert's counsel wrote to NCMIC requesting that it pay for the costs associated with Dr. Schweigert's subpoena response.[18] NCMIC refused to pay these costs[19] and Dr. Schweigert then brought the instant motion, requesting an order requiring NCMIC to pay Dr. Schweigert's fees in responding to the subpoena and for drafting the present Motion, an amount totaling $14,662.50.[20] Dr. Schweigert asserts that he is entitled to these costs under Federal Rule of Civil Procedure 45(d)(1)[21] "or alternatively, because NCMIC has either agreed to pay these costs, or through its conduct, is equitably estopped from objecting to the payment of such."[22]

---

[15] Docket 107-8 at 1.
[16] Id.
[17] Docket 107 at 10–11.
[18] Docket 107-9.
[19] Docket 109-12.
[20] Docket 107 at 2, 12.
[21] Dr. Schweigert refers to Federal Rule of Civil Procedure 45(c)(1) as the basis for the present Motion. Rule 45 was amended in 2013. Those amendments added a new subdivision (c), such that subdivision (d) contains the provisions formerly in subdivision (c). Rule 45(c)(1) currently delineates the acceptable places of compliance for subpoenas. The Court assumes Dr. Schweigert intended to cite Rule 45(d)(1) as the basis for his Motion and mistakenly was relying on an outdated version of Rule 45.
[22] Docket 107 at 2.

*Blake et al v. NCMIC Insurance Company et al*  Case No. 3:17-cv-00193-JMK
Order Denying Motion for Attorney's Fees  Page 4
Case 3:17-cv-00193-JMK   Document 137   Filed 02/17/23   Page 4 of 14

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The Court "must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."[23] Rule 45(d)(1) is discretionary, but the Ninth Circuit has provided guidance for when Rule 45(d)(1) sanctions are appropriate.[24] A court may impose Rule 45(d)(1) sanctions "when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law."[25] "[W]hile failure [to] narrowly [] tailor a subpoena may be a ground for sanctions, the district court need not impose sanctions every time it finds a subpoena overbroad; such overbreadth may sometimes result from normal advocacy which . . . should not give rise to sanctions."[26]

The doctrine of equitable estoppel requires proof of three elements: "(1) assertion of a position by conduct or word, (2) reasonable reliance thereon, and (3) resulting prejudice."[27]

---

[23] Fed. R. Civ. P. 45(d)(1).
[24] *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013).
[25] *Id.*
[26] *Id.*
[27] *Alborn Constr., Inc. v. Dep't of Lab. & Workforce Dev., Lab. Standards & Safety Div.*, 507 P.3d 468, 480 (Alaska 2022) (quoting *Municipality of Anchorage v. Schneider*, 685 P.2d 94, 97 (Alaska 1984)).

*Blake et al v. NCMIC Insurance Company et al*  Case No. 3:17-cv-00193-JMK
Order Denying Motion for Attorney's Fees  Page 5

Case 3:17-cv-00193-JMK   Document 137   Filed 02/17/23   Page 5 of 14

## III. DISCUSSION

### A. Rule 45(d)(1)

Federal Rule of Civil Procedure 45(d) "provides two related avenues by which a person subject to a subpoena may be protected from the costs of compliance; sanctions under Rule 45(d)(1) and cost-shifting under Rule 45(d)(2)(B)(ii)."[28] Rule 45(d)(2)(B)(ii) provides that, when a court orders a non-party to respond to a subpoena, "the order must protect a [non-party] from significant expense resulting from compliance." Rule 45(d)(2)(B)(ii) provides for "mandatory" cost-shifting because when discovery is ordered against a non-party, "the only question before the court in considering whether to shift costs is whether the subpoena imposes significant expense on the non-party."[29] In determining whether expenses are "significant," courts within this circuit assess (1) the non-party's ability to bear the costs of production; (2) whether the non-party has an interest in the outcome of the underlying case; and (3) whether the underlying litigation is of public importance.[30] Both Dr. Schweigert and NCMIC rely on this test,"[31] yet Dr. Schweigert and NCMIC acknowledge that Rule 45(d)(2)(B)(ii) is inapplicable here because the Court did not issue an order compelling Dr. Schweigert to comply with the subpoena.[32] Instead, the present motion falls under Rule 45(d)(1). Neither Dr. Schweigert

---

[28] *Legal Voice*, 738 F.3d at 1184.
[29] *Id.*
[30] *See In re Fresh & Process Potatoes Antitrust Litig.*, No 4:10-md-02186-BLW-CWD, 2016 WL 11784717, at *6 (D. Idaho Sept. 30, 2016); *Stormans Inc. v. Selecky*, No. C07-5374 RBL, 2015 WL 224914, at *6 (W.D. Wash. Jan. 15, 2015); *Cornell v. Columbus McKinnon Corp.*, No. 13-cv-02188-SI, 2015 WL 4747260, at *3 (N.D. Cal. Aug. 11, 2015); *United States v. McGraw-Hill Companies, Inc.*, 302 F.R.D. 532, 534 (C.D. Cal. 2014).
[31] Docket 108 at 14–15; Docket 115 at 8–9.
[32] *See* Docket 107 at 15; Docket 108 at 14.

*Blake et al v. NCMIC Insurance Company et al*          Case No. 3:17-cv-00193-JMK
Order Denying Motion for Attorney's Fees          Page 6
Case 3:17-cv-00193-JMK   Document 137   Filed 02/17/23   Page 6 of 14

nor NCMIC cites any authority from this circuit applying this three-part test to a Rule 45(d)(1) motion;[33] the Court therefore finds that the three-part test does not apply to the present motion.

"Unlike Rule 45(d)(2)(B)(ii), Rule 45(d)(1) is discretionary."[34] Sanctions under Rule 45(d)(1) are appropriate "when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law."[35] Considering these factors, the Court declines to impose sanctions under Rule 45(d)(1). There is no evidence that NCMIC issued its subpoena to Dr. Schweigert in bad faith, for an improper purpose or with an improper motive. More importantly, NCMIC complied with Rule 45(d)(1)'s mandate by taking reasonable steps to alleviate Dr. Schweigert's burden in responding to the subpoena.[36] Dr. Schweigert claims that the documents requested in NCMIC's subpoena already had been produced in the Underlying Action.[37] NCMIC initially proposed accepting a stipulation that Dr. Schweigert's previous production was accurate and complete,[38] but ultimately found that it was too difficult to tell the source of the documents from Plaintiffs' production and requested that Dr. Schweigert reproduce his

---

[33] Dr. Schweigert and NCMIC cite *Kipperman v. Onex Corp.,* No. 1:05-CV-1242-JOF, 2008 WL 11333467, at *5 (N.D. Ga. Mar. 19, 2008). Docket 108 at 14–15; Docket 115 at 8–9. This Northern District of Georgia case is not binding on this Court. Further, *Kipperman* appears to suggest that this three-part test applies to all motions brought under Rule 45, a position which finds no support in the Ninth Circuit. *See Kipperman,* 2008 WL 11333466, at *5.
[34] *Legal Voice*, 738 F.3d at 1185.
[35] *Id.*
[36] *See Balfour Beatty Infrastructure, Inc. v. PB & A, Inc.,* 319 F.R.D. 277, 283 (N.D. Cal. 2017) (finding that Rule 45(d)(1) sanctions were inappropriate where information requested was duplicative of a previous production because of the relevance of the documents and the requesting party's attempts to minimize the burden from production).
[37] Docket 107 at 15.
[38] Docket 107-5.

*Blake et al v. NCMIC Insurance Company et al*  Case No. 3:17-cv-00193-JMK
Order Denying Motion for Attorney's Fees  Page 7
Case 3:17-cv-00193-JMK   Document 137   Filed 02/17/23   Page 7 of 14

prior production with a privilege log.[39] In the context of this case, and in light of the back and forth amongst the different counsel groups, this request was reasonable and within the realm of normal advocacy. It is not clear to this Court how reproducing a set of documents that previously was produced is especially burdensome. If the contention is that the documents had to be reviewed again to create a privilege log, that was an entirely foreseeable aspect of compliance with any subpoena that was served upon Dr. Schweigert in this matter. Dr. Schweigert initially seemed to take primary issue with the timing of the deposition, which was rescheduled,[40] and then lamented the fact that the requested production was duplicative, but, after discussions with counsel for NCMIC, Dr. Schweigert agreed to produce the requested documents.[41] It was therefore reasonable for NCMIC to assume that providing a duplicate set of a prior production was not especially onerous and that further steps to alleviate Dr. Schweigert's burden were unnecessary.[42] Further, although Dr. Schweigert refers to the documents requested in his subpoena as "wholly" duplicative of his previous production,[43] Dr. Schweigert and NCMIC both acknowledge that there were some responsive documents that were not previously produced in the Underlying Action.[44]

---

[39] Docket 107-8.
[40] See Docket 107-4 at 1, 3.
[41] See Docket 107-7; Docket 109-8 ("We will produce the rest of our file, with the exception of the medical records, and a privilege log for the redacted emails.").
[42] Docket 108 at 21.
[43] Docket 107 at 8, 15.
[44] Id. at 16; Docket 108 at 16.

*Blake et al v. NCMIC Insurance Company et al*  Case No. 3:17-cv-00193-JMK
Order Denying Motion for Attorney's Fees  Page 8

Case 3:17-cv-00193-JMK   Document 137   Filed 02/17/23   Page 8 of 14

Finally, although courts disfavor seeking discovery from non-parties when the documents sought are available from a party,[45] this concern is lessened here because Dr. Schweigert is not the type of non-party that Rule 45 was designed to protect. "The Rule is aimed at protecting persons who are disinterested, and thus have little to gain from their outlays in compliance cost."[46] Non-parties who are "substantially involved in the underlying transaction" such that they should have anticipated that the transaction would reasonably spawn some litigation, including discovery, are not the focus of Rule 45's protections.[47] Dr. Schweigert was a defendant in the Underlying Action. He certainly foresaw that entering into a settlement agreement with Plaintiffs would spawn further litigation; he assigned the claims he had against NCMIC to Plaintiffs and agreed that "Dr. Schweigert, as his own expense, will cooperate and testify as a witness in any future lawsuit involving the Plaintiffs and NCMIC Insurance Company and/or its agents."[48] The burden of compliance with a subpoena, and the advocacy that accompanies litigating the scope of a subpoena, should not have come as a surprise to Dr. Schweigert.

In conclusion, the Court, in its discretion, declines to award Dr. Schweigert sanctions under Rule 45(d)(1) for the costs he incurred in responding to NCMIC's subpoena.

---

[45] See *Audio MPEG, Inc. v. HP Inc.*, No. 16-mc-80271-HRL, 2017 WL 950847, at *3 (N.D. Cal. Mar. 10, 2017); *Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement*, No. 2:10-cv-00290-DAE-BGM, 2016 WL 159842, at *3 (D. Ariz. Jan. 14, 2016).

[46] *Cornell v. Columbus McKinnon Corp.*, No. 13-cv-02188-SI, 2015 WL 4747260, at *5 (N.D. Cal. Aug. 11, 2015).

[47] *Id.* (quoting *Tutor-Saliba Corp. v. United States*, 32 Fed. Cl. 609, 610 n.5 (1995)).

[48] Docket 109-1 at 2.

*Blake et al v. NCMIC Insurance Company et al*  Case No. 3:17-cv-00193-JMK
Order Denying Motion for Attorney's Fees  Page 9

Case 3:17-cv-00193-JMK   Document 137   Filed 02/17/23   Page 9 of 14

## B. Estoppel

Dr. Schweigert argues that "[t]he Court [S]hould Find that NCMIC Either Agreed to Pay Dr. Schweigert's Costs in Responding to the Subpoena or It is Equitably Estopped from Objecting to the Payment of Such Costs."[49] Both arguments fail for the simple reason that NCMIC never agreed to pay Dr. Schweigert's costs in responding to the subpoena.[50]

Dr. Schweigert relies on a Middle District of North Carolina case for the proposition that "[i]n a situation where a non-party voluntarily complies with a subpoena, but does not strictly follow Rule 45, the Court will look to the words and actions of the party and non-party to see whether they have reached some voluntary agreement."[51] However, in that case, it was "clear that the parties did reach some agreement. Defendant agreed she would pay for any copying or related services" but did not explicitly agree to pay for costs associated with reviewing documents for privilege.[52] Accordingly, the Court denied the plaintiffs' request for reimbursement for the production of documents other than the costs of copying because "it would not be fair to say that defendant Kelly agreed to pay for attorney's fees resulting from the production of documents."[53] Here, it would not be fair to say that NCMIC agreed to pay Dr. Schweigert's costs.

---

[49] Docket 107 at 18.
[50] *See* Docket 108 at 21; Docket 109-12.
[51] *Angell v. Kelly*, 234 F.R.D. 135, 139 (M.D.N.C. 2006).
[52] *Id.*
[53] *Id.*

*Blake et al v. NCMIC Insurance Company et al*  Case No. 3:17-cv-00193-JMK
Order Denying Motion for Attorney's Fees  Page 10
Case 3:17-cv-00193-JMK   Document 137   Filed 02/17/23   Page 10 of 14

In a February 24, 2021 letter, Dr. Schweigert's counsel stated, "[i]f you want to receive a duplicate copy of documents which apparently have already been produced in this matter from Dr. Schweigert, you will be required to pay for any attorney's fees and costs associated with this production . . . ."[54] NCMIC's counsel responded, indicating "[w]e don't need document[s] previously produced again if Schweigert will stipulate to their authenticity and completeness."[55] Dr. Schweigert then indicated he would so stipulate.[56] In a March 5, 2021 letter, counsel for Dr. Schweigert again stated that "[w]e will expect your client to pay the cost of review of the subpoena and production of documents."[57] In that letter, Dr. Schweigert's counsel stated that Plaintiffs had objected to production of their medical records and indicated that Dr. Schweigert's counsel was "still in the process of reviewing emails and our files to determine if there are any documents subject to disclosure, which have not already been produced by Ms. Brown."[58] Dr. Schweigert's counsel then followed up, asking whether NCMIC is requiring Dr. Schweigert to produce documents which previously had been produced by Plaintiffs' counsel and whether NCMIC will require a privilege log.[59] Dr. Schweigert's counsel did not mention payment of fees, concluding the email with "[w]e will make every effort to produce documents expediently and to schedule a deposition once this clarification has been provided."[60] NCMIC's counsel responded, requesting that Dr. Schweigert reproduce

---

[54] Docket 107-4 at 3.
[55] Docket 107-5 at 1.
[56] Docket 107-7 at 1; Docket 108 at 19.
[57] Docket 107-7 at 1.
[58] Id.
[59] Docket 109-9 at 4.
[60] Id.

*Blake et al v. NCMIC Insurance Company et al*  Case No. 3:17-cv-00193-JMK
Order Denying Motion for Attorney's Fees  Page 11

Case 3:17-cv-00193-JMK   Document 137   Filed 02/17/23   Page 11 of 14

everything that he produced in the underlying lawsuit, along with a privilege log, and requesting that Dr. Schweigert certify that the medical records produced in the underlying litigation were complete.[61] The next mention of reimbursement for Dr. Schweigert's costs came on January 20, 2022, nine months after Dr. Schweigert's deposition.[62]

The attorney exchanges reveal that Dr. Schweigert raised objections concerning the scope of his subpoena response and NCMIC responded by making suggestions for ways to alleviate the burden on Dr. Schweigert while ensuring all responsive documents were produced. Dr. Schweigert then sought clarification regarding what documents were being requested, and NCMIC provided the necessary clarification. This exchange cannot be fairly interpreted as NCMIC's acquiescence to Dr. Schweigert's demands for costs.

For the same reasons, Dr. Schweigert's estoppel argument fails. First, Dr. Schweigert relies on the doctrine of equitable estoppel, but promissory estoppel is the more appropriate legal theory. "The 'primary difference between promissory and equitable estoppels is that the former is offensive, and can be used for affirmative enforcement of a promise, whereas the latter is defensive, and can be used only for preventing the opposing party from raising a particular claim or defense.'"[63] Here, Dr. Schweigert appears to be attempting to enforce NCMIC's purported implicit "promise" that it would pay

---

[61] Docket 109-9 at 3.
[62] Docket 107-9 at 1.
[63] *Alaska Trademark Shellfish, LLC v. State, Dep't of Fish & Game*, 172 P.3d 764, 766 n.8 (Alaska 2007) (quoting *Simpson v. Murkowski*, 129 P.3d 435, 440 n.18 (Alaska 2006)).

*Blake et al v. NCMIC Insurance Company et al*  Case No. 3:17-cv-00193-JMK
Order Denying Motion for Attorney's Fees  Page 12

Case 3:17-cv-00193-JMK   Document 137   Filed 02/17/23   Page 12 of 14

Dr. Schweigert's fees and costs in connection with the subpoena.[64] Second, notwithstanding whether the doctrine of promissory or equitable estoppel applies, Dr. Schweigert must show NCMIC made an "actual promise" or "asserted a position by conduct or words" that it would pay Dr. Schweigert's fees.[65] An "actual promise" must be "definitive," "very clear," "must use precise language," and "must manifest an unequivocal intent to be bound."[66] NCMIC's silence in the face of Dr. Schweigert's request for fees clearly cannot meet this standard. "[E]quitable estoppel requires more than inaction or silence by a person who has no obligation to speak or act . . . [although] there can be circumstances where inaction or silence combined with acts or representations" can give rise to the application of equitable estoppel.[67] Here, there are no acts or representations that reasonably allow the Court to conclude that NCMIC took the position that it would pay Dr. Schweigert's fees. There are "many conceivable reasons other than acquiescence that would explain"[68] why NCMIC did not explicitly object to Dr. Schweigert's demands for payment; most notably, as described above, that NCMIC thought its clarification of its position mooted the demands for fees.[69] Therefore, because NCMIC made no actual

---

[64] Docket 107 at 19–21.
[65] *Alaska Trademark Shellfish, LLC v. State, Dep't of Fish & Game*, 172 P.3d 764, 766–67 (Alaska 2007); *Alborn Constr., Inc. v. Dep't of Lab. & Workforce Dev., Lab. Standards & Safety Div.*, 507 P.3d 468, 480 (Alaska 2022) (quoting *Municipality of Anchorage v. Schneider*, 685 P.2d 94, 97 (Alaska 1984)).
[66] *Alaska Trademark Shellfish*, 172 P.3d at 767.
[67] *Ennen v. Integon Indem. Corp.*, 268 P.3d 277, 288 (Alaska 2012) (citing *Groseth v. Ness*, 421 P.2d 624, 632 n.23 (Alaska 1966)).
[68] *See Cowan v. Yeisley,* 255 P.3d 966, 977 (Alaska 2011).
[69] Docket 107 at 19–21.

*Blake et al v. NCMIC Insurance Company et al*  Case No. 3:17-cv-00193-JMK
Order Denying Motion for Attorney's Fees  Page 13

Case 3:17-cv-00193-JMK   Document 137   Filed 02/17/23   Page 13 of 14

promise and took no position on Dr. Schweigert's demands for payments, the doctrines of promissory and equitable estoppel are inapplicable.

## IV. CONCLUSION

For the reasons stated above, Dr. Schweigert's Motion for Attorney's Fees at Docket 107 is DENIED. The Court declines to award Dr. Schweigert any costs in connection with his response to the subpoena issued to him by NCMIC.

IT IS SO ORDERED this 17th day of February, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Blake et al v. NCMIC Insurance Company et al*   Case No. 3:17-cv-00193-JMK
Order Denying Motion for Attorney's Fees   Page 14

Case 3:17-cv-00193-JMK   Document 137   Filed 02/17/23   Page 14 of 14