IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRITTANY BLAKE, D.C., *et al.*,<br><br>                  Plaintiff,<br><br>vs.<br><br>NCMIC INSURANCE COMPANY, *et al.*,<br><br>                  Defendant. | Case No. 3:17-cv-00193-JMK<br><br>**ORDER DIRECTING ENTRY OF FINAL JUDGMENT** |

At Docket 142, Plaintiffs Brittany Blake, D.C., Raquel Osterbauer, Morgan Loftus, and Tamara Ryan ("Moving Plaintiffs") move the Court to enter a Final Judgment as to their claims so that they may file an appeal. Defendant NCMIC Insurance Company ("NCMIC") responded in opposition at Docket 146. Myron Schweigert filed a non-opposition to correct alleged errors in Moving Plaintiffs' motion at Docket 149. Moving Plaintiffs replied at Docket 154. As discussed below, the Court will direct the entry of final judgment as to Moving Plaintiffs.

## I. BACKGROUND

The Court briefly recounts the factual background and procedural history of this case as it relates to the motion at hand. Further detail can be found in the Court's *Order re: Cross-Motions for Summary Judgment and Motions to Strike* at Docket 140.

Plaintiffs in this action are seven women who formerly were patients of Dr. Myron Schweigert, a chiropractor practicing at Chugach Chiropractic Clinic ("the Clinic") in Eagle River, Alaska.[1] On December 31, 2015, Plaintiffs filed suit against Dr. Schweigert and the chiropractic clinic in Alaska Superior Court ("the Underlying Action"), bringing claims of (1) professional malpractice relating to Dr. Schweigert's treatment of each of the Plaintiffs and (2) breach of the covenant of good faith and fair dealing, sexual harassment, and wrongful discharge relating to Dr. Brittany Blake's employment.[2] The Complaint in the Underlying Action contains allegations that Dr. Schweigert touched Plaintiffs' breasts, nipples, genital area, and buttocks during chiropractic treatments.[3] The Complaint also alleges that certain Plaintiffs experienced pain or bruising following Dr. Schweigert's administration of Electrotherapeutic Point Stimulation Therapy ("ETPS")[4] and that Dr. Schweigert administered cortisone injections into the shoulder of one Plaintiff on two occasions.[5]

---

[1] Docket 119 at 7; Docket 121-1 at 2.
[2] Docket 121-3 at 8–20.
[3] *Id.* at 3–8.
[4] *Id.* at 6–7.
[5] *Id.* at 7.

*Blake, et al. v. NCMIC Ins. Co., et al.*  Case No. 3:17-cv-00193-JMK
Order Directing Entry of Final Judgment  Page 2
Case 3:17-cv-00193-JMK   Document 157   Filed 10/20/23   Page 2 of 9

At all times relevant to this action, Dr. Schweigert and the Clinic were insured under a professional liability insurance policy issued by NCMIC.[6] However, when Dr. Schweigert sought to tender defense of Plaintiffs' claims to NCMIC, the insurer denied coverage.[7] Dr. Schweigert disputed the denial of coverage, but hired independent counsel to represent him.[8]

In May 2017, the parties in the Underlying Action entered into a settlement agreement (the "Settlement") without the involvement of NCMIC.[9] The Settlement contained an Assignment of Claims and a Covenant Not to Execute, which together provided that all claims Dr. Schweigert may possess against NCMIC were assigned to Plaintiffs, and Plaintiffs agreed not to "execute on any assets of Dr. Myron Schweigert other than the proceeds of the assigned claims against" NCMIC.[10] The Settlement also required Plaintiffs to dismiss all claims against the Clinic as well as Dr. Blake's employment-related claims.[11] Dr. Schweigert's counsel informed NCMIC of the Settlement on June 20, 2017.[12] Consistent with the terms of the Settlement, the Alaska Superior Court entered a Final Judgment in the Underlying Action on July 3, 2017.[13]

---

[6] Docket 120-2 at 1.
[7] Docket 121-7.
[8] Docket 120-5 at 1; Docket 120-4 at 1.
[9] Docket 119 at 20.
[10] *Id.* at 13–14.
[11] *Id.* at 2.
[12] Docket 120-15 at 1.
[13] Docket 121-20.

On August 3, 2017, Plaintiffs, as assignees under the insurance policy, filed the present action in Alaska Superior Court (the "Coverage Action").[14] The Coverage Action was removed to this Court on September 6, 2017.[15]

Following removal, this Court dismissed the majority of Plaintiffs' claims, narrowing the issues for trial. The Court granted in part NCMIC's Motion to Dismiss, dismissing Plaintiffs' claims of bad faith against NCMIC.[16] Later, the Court granted summary judgment in favor of NCMIC as to the claims asserted by Dr. Blake, Ms. Osterbauer, Ms. Loftus (f/k/a Marsh), and Ms. Ryan.[17] However, the Court denied summary judgment as to Ms. Taranto, Ms. Williams, and Ms. Asman, finding a triable issue of fact remained as to these Plaintiffs' allegations related to Dr. Schweigert's administration of ETPS.[18]

Moving Plaintiffs now request that the Court direct entry of final judgment, dismissing their claims so that they may file an appeal.

## II. LEGAL STANDARD

"When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason to delay."[19] This

---

[14] Docket 1-1.
[15] Docket 1.
[16] Docket 29 at 13–14.
[17] Docket 140 at 31.
[18] *Id.* at 32–33.
[19] Fed. R. Civ. P. 54(b).

*Blake, et al. v. NCMIC Ins. Co., et al.*                                                             Case No. 3:17-cv-00193-JMK
Order Directing Entry of Final Judgment                                                       Page 4
Case 3:17-cv-00193-JMK    Document 157    Filed 10/20/23    Page 4 of 9

rule "permits district courts to authorize immediate appeal of dispositive rulings on separate claims in a civil action raising multiple claims" and was adopted "specifically to avoid the possible injustice of delaying judgment on a distinctly separate claims pending adjudication of the entire case."[20]

A determination under Federal Rule of Civil Procedure 54(b) proceeds in two steps. First, "[a] district court must [] determine that it is dealing with a 'final judgment.'"[21] The court's decision "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"[22]

Once the court determines there is a final judgment, "the district court must go on to determine whether there is any just reason for delay."[23] "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal."[24] In making this equitable determination, district courts are instructed to weigh the "inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other. . . ."[25] Ultimately, judgments under Rule 54(b) represent an exception to the rule

---

[20] *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409–10 (2015) (internal quotations and alterations omitted).
[21] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).
[22] *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).
[23] *Id.* at 8.
[24] *Id.* (internal quotations and citations omitted).
[25] *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 153 (1964); *see also Curtiss-Wright Corp.*, 446 U.S. at 10 (noting the district court's evaluation should include "such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units").

and "sound judicial administration does not require that Rule 54(b) requests be granted routinely."[26]

### III. DISCUSSION

Moving Plaintiffs argue that the Court should direct entry of final judgment under Rule 54(b) because the appeal of their claims will not delay the prosecution of the remaining Plaintiffs' claims,[27] allowing an appeal at this stage could potentially avoid duplicative trials if the Ninth Circuit were to reinstate Moving Plaintiffs' claims,[28] and there is no threat of a "piecemeal appeal."[29]

NCMIC responds that there is a risk of a piecemeal appeal as either NCMIC or Plaintiffs with extant claims ("the ETPS Plaintiffs") are likely to appeal after trial, potentially leading to a cross-appeal on the issues that would be the subject of Moving Plaintiffs' appeal.[30] NCMIC asserts that discovery is complete, the ETPS claims are ready for trial, and that "the only rational and efficient approach" would be to try the ETPS claims first and then allow this matter to proceed as a single appeal.[31] NCMIC additionally notes that Moving Plaintiffs incorrectly state that Dr. Blake has extant claims and points out that an appeal of her claims would involve precisely the same issues that Moving Plaintiffs seek to appeal now.[32]

---

[26] *Curtiss-Wright Corp.*, 446 U.S. at 10.
[27] Docket 142 at 5.
[28] *Id.* at 6.
[29] *Id.* at 7–9.
[30] Docket 146 at 6–7.
[31] *Id.* at 7–8.
[32] *Id.* at 6.

The Court finds that entry of final judgment as to Moving Plaintiffs is appropriate.

*First*, the Court's decisions as to Moving Plaintiffs' claims constitute final judgments. The Court has rendered final decisions as to all of Moving Plaintiffs' cognizable claims for relief. Plaintiffs' Complaint alleged three counts: a breach of contract related to NCMIC's duty to defend, a breach of contract related to NCMIC's duty to indemnify, and bad faith.[33]

In its *Order on Defendants' Motion to Dismiss*, the Court dismissed Plaintiffs' bad faith claim without prejudice.[34] And, it subsequently denied leave to amend to reassert this claim on two separate occasions.[35] Furthermore, the Court's *Order on Cross Motions for Summary Judgment and Motions to Strike* dismissed Moving Plaintiffs' two remaining claims.[36] There, the Court concluded that the insurance policy at issue "precludes coverage for the claims asserted by Dr. Blake, Ms. Osterbauer, Ms. Marsh, and Ms. Ryan"[37] and that "NCMIC is not liable for any portion of the Settlement arising out of these Plaintiffs' claims."[38] In making these decisions, the Court rendered ultimate dispositions as to all of Moving Plaintiffs' cognizable claims for relief.

*Second*, the Court finds that there is no just reason to delay with respect to Moving Plaintiffs' claims. Weighing "inconvenience and costs of piecemeal review on the

---

[33] Docket 1-1 at 15–16.
[34] Docket 29.
[35] Docket 44; Docket 82.
[36] Docket 140.
[37] *Id.* at 29.
[38] *Id.* at 32.

one hand and the danger of denying justice by delay on the other[,]" the danger of delay outweighs the risk of piecemeal review.[39]

There certainly is a danger of denying justice by delay. If the Court were to decline to direct final judgments to be entered, Moving Plaintiffs may wait a significant time until the remaining claims in this action are adjudicated and a final, appealable order issues.

Moreover, judicial efficiency may be served by allowing an appeal at this time. If the Ninth Circuit reverses this Court's decisions and reinstates Moving Plaintiffs' claims, those claims might be tried alongside the ETPS Plaintiffs' claims.[40] This would be more efficient than if Plaintiffs were required to wait until a final judgment issued after trial on the ETPS Plaintiffs' claims and the Ninth Circuit reversed, requiring a second trial.

On the other hand, there is little risk of piecemeal review. Defendants argue that there is a risk of piecemeal review because they may appeal after trial on the ETPS claim and anticipate that ETPS Plaintiffs would cross-appeal their non-EPTS claims. However, the single, non-ETPS claim these Plaintiffs asserted—the bad faith claim—was decided by this Court as a matter of law.[41] Therefore, the outcome of Moving Plaintiffs'

---

[39] *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 153 (1964); *see also Curtiss-Wright Corp.*, 446 U.S. at 10 (noting the district court's evaluation should include "such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units").

[40] The parties make conflicting claims as to the trial readiness of ETPS Plaintiffs' claims. Without expressing a view as to whether discovery will be reopened or a trial date will be set more than a year away, the Court acknowledges that there is a possibility that an appeal may be decided before a trial proceeds on the remaining Plaintiffs' ETPS claims.

[41] *See* Docket 29.

*Blake, et al. v. NCMIC Ins. Co., et al.*  
Order Directing Entry of Final Judgment

Blake, et al. v. NCMIC Ins. Co., et al.                                                                        Case No. 3:17-cv-00193-JMK
Order Directing Entry of Final Judgment                                                                                             Page 8

Case 3:17-cv-00193-JMK   Document 157   Filed 10/20/23   Page 8 of 9

appeal as to this claim would bind ETPS Plaintiffs and preclude a later appeal on the same issue.

The Court acknowledges that there is a possibility that this case may result in two appeals. But these appeals will not require the Ninth Circuit to review the same facts as the non-ETPS claims and the ETPS claims are "[s]ufficiently divisible . . . such that the 'case would [not] inevitably come back to [the Ninth Circuit] on the same set of facts.'"[42]

Defendants also argue that the fact that Dr. Blake is not among Moving Plaintiffs creates the risk that she will file a separate appeal. To address this concern, the Court will direct entry of judgment as to Dr. Blake's claims as well. Although Dr. Blake is not included among Moving Plaintiffs, her claims have been decided. Dr. Blake asserted the same three counts as Moving Plaintiffs in the Complaint in this case. And the Court equally dismissed her bad faith claim and granted summary judgment as to her two breach of contract claims.

## IV. CONCLUSION

For the reasons stated, the Court **GRANTS** Moving Plaintiffs' Motion for Civil Rule 54(b) Judgment. A final judgment as to Dr. Blake, Ms. Osterbauer, Ms. Loftus (f/k/a Marsh), and Ms. Ryan shall issue.

IT IS SO ORDERED this 18th day of October, 2023, at Anchorage, Alaska.

                                                                 /s/ Joshua M. Kindred
                                                                   JOSHUA M. KINDRED
                                                           United States District Judge

---

[42] *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015).

*Blake, et al. v. NCMIC Ins. Co., et al.*                         Case No. 3:17-cv-00193-JMK
Order Directing Entry of Final Judgment                                               Page 9
Case 3:17-cv-00193-JMK    Document 157    Filed 10/20/23    Page 9 of 9